UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MADELINE COX ARLEO
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 2060
NEWARK, NJ 07101
973-297-4903

September 17, 2014

VIA REGULAR & CERTIFIED MAIL, R.R.R.
Erica Delgado, Pro Se
20 Mercury Road
Edison, NJ 08817

VIA ECF
Eric L. Harrison, Esq., & Leslie Koch, Esq.
Methfessel & Werbel, PC
P.O. Box 3012
Edison, NJ 08818

**REPORT AND RECOMMENDATION**

Re:   Erica Delgado O/B/O N.J. v. Edison Township Board of Education
      Civil Action No. 14-1757 (KM)

Dear Counsel and Litigants:

Before me is the motion of pro se Plaintiff Erica Delgado on behalf of N.J. (Plaintiff's minor daughter) to remand this case to New Jersey Superior Court. (Dkt. No. 2, Mot. to Remand). For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion to remand be **granted**.

I.   **Factual Background and Procedural History**

This motion arises out of a January 2014 action filed in Middlesex County Superior Court, Law Division, against Defendant on behalf of her minor daughter, N.J. (Dkt. No. 1-1, Compl.). In the first sentence of her complaint, Plaintiff alleges that her daughter "was a victim of multiple tortious acts on behalf of school staff from two different public school's [sic]." (Id. at 5).[1] Plaintiff claims that this mistreatment began on or about February 18, 2009. (Id. at 9). Plaintiff

---

[1] The page numbers to which these citations refer are the ECF page numbers located on the top of the document.

alleges, inter alia, that her daughter was sexually harassed by her principal, separated from the rest of the students during lunchtime for a period of two months, and force-fed by school cafeteria personnel.  (See id. at 6).  She further claims that N.J. was "bullied on by school staff" and that her daughter now "suffers from PTSD Depression and Anxiety from these issues and abuse."  (Id. at 6, 8).  In the Complaint, Plaintiff characterizes her claims as follows: (1) personal injury; (2) civil violations; and (3) disability discrimination.  (Id. at 11).

Nowhere in the Complaint is there any mention of a federal statute or regulation.  (See generally id. at 5-8).

On March 19, 2014, Defendant removed this case to this Court on the basis of federal question jurisdiction.  (Dkt. No. 1, Notice of Removal).  Defendant rests its entire basis for removal on the fact that Plaintiff alleges a "failure to implement or otherwise abide by the minor plaintiff N.J.'s Individual Education Program ["IEP"], which is a document created in accordance with the Individuals with Disabilities in Education Act ["IDEA"], 20 U.S.C. § 401 et seq."  (Id. at ¶ 3).  In other words, Defendant argues that the mere mention of an IEP states a federal claim.  Plaintiff then filed the instant motion to remand on April 7, 2014.  (Dkt. No. 2, Pl.'s Br.).  Although her pro se brief is difficult to decipher, Plaintiff does make clear that she is claiming "multiple tort and civil violations."  (Id. at 1).  Defendant, on the other hand, opposes the motion on the same basis as its argument for removal.  (See Dkt. No. 3, Def.'s Letter Br.).  For the reasons set forth below, the Court recommends that Plaintiff's motion be **granted**.

## II.    Plaintiff's Motion to Remand

### A. The Standard for Remand Pursuant to 28 U.S.C. § 1447 and the Well-Pleaded Complaint Rule for Federal Question Jurisdiction

Under 28 U.S.C. § 1447(c), a case removed from state court to federal court must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  The defendant seeking removal bears the burden of demonstrating "the existence and continuance of federal jurisdiction."  Steel Valley Auth. V. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).  This burden is a heavy one, since removal statutes such as § 1447 "should be strictly construed and all doubts should be resolved in favor of remand."  Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).  In other words, there exists a presumption in favor of remand such that in cases where jurisdiction is in doubt, the case should be remanded to the original state court.  Id.  When determining whether a case should be remanded, the district court accepts as true all of the allegations in the complaint, focusing specifically "on the plaintiff's complaint at the time the petition for removal was filed." Steel Valley, 809 F.2d at 1010.

In general, the district court's subject matter jurisdiction in civil cases is dictated by 28 U.S.C. §§ 1331-32, which define federal question jurisdiction and diversity jurisdiction, respectively.  Section 1331 confers on the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Whether a case "arises under" federal law is dependent upon whether a question of federal law is

apparent on the face of the plaintiff's well-pleaded complaint.  See Bracken v. Matgouranis, 296 F.3d 160, 163 (3d Cir. 2002) (citing Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).  In other words, federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983).

### B. Analysis

Enacted with the goal of ensuring an adequate education for all disabled children, the IDEA creates an intricate and cooperative federal-state framework to serve that goal.  See Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 51-52 (2005).  The statute creates an absolute floor below which a participating state's educational standards may not fall.  See Bay Shore Union Free Sch. Dist. v. Kain, 485 F.3d 730, 733 (2d Cir. 2007).  Central to the statutory framework is the IEP process, which seeks to foster a collaborative environment between parents and schools.  Schaffer, 546 U.S. at 52.  Each IEP is essentially a coordinated plan, uniquely tailored to the specific needs of a given student to ensure that the student is educated properly.  See id. at 52-54.  In order to protect the students, their parents, and the schools in the event of a dispute (regarding, for example, the creation or implementation of an IEP), the IDEA provides for an administrative "impartial due process hearing."  Schaffer, 546 U.S. at 53; 20 U.S.C. § 1415(f).  Once the administrative process is exhausted, the statute creates a civil cause of action to challenge the administrative decision "in any State court of competent jurisdiction or in a district court of the United States."  20 U.S.C. § 1415(i)(2)(A).

Defendant argues that Plaintiff's mere references to Defendant's alleged failure to implement N.J.'s IEP, in a disorganized complaint that claims primarily "numerous tortious acts," invokes federal law—specifically, the IDEA.  This Court disagrees.

Of course, Defendant is correct that the IDEA defines "Individualized Education Program."  See 20 U.S.C. § 1414(d).  However, state law also meticulously defines the term.  Compare 20 U.S.C. § 1414(d) with N.J.A.C. 6A:14-3.7.  This is because an IEP is a document that is central to the entire educational process – from the school board, to the administrative hearing, and to any judicial review thereafter.  Plaintiff's mere reference to an IEP does not, on its face, state a claim that arises under federal law.[2]  Rather, Plaintiff's reference to Defendant's alleged failure to implement N.J.'s IEP is more properly understood as an element of the factual

---

[2] Defendant cites a number of cases that are wholly irrelevant to the issue of whether federal question jurisdiction exists in this case.  Rather, Defendant's citations generally deal with the types of remedies available under the IDEA and when they may be pursued.  See, e.g., Coleman v. Newburgh Enlarged City Sch. Dist, 503 F.3d 198 (2d Cir. 2007) (holding that exhaustion of administrative remedies was not futile even though the child was no longer in the school district); Charlie F. by Neil F. v. Bd. of Educ. Of Skokie Sch. Dist. 68, 98 F.3d 989 (7th Cir. 1996) (requiring exhaustion of administrative remedies before bringing suit and holding that money damages are unavailable under the IDEA).

basis for the injuries that Plaintiff alleges, which, as stated earlier, are personal injury, civil violations, and disability discrimination. (Dkt. No. 1-1 at 11). These alleged harms sound not in the IDEA; instead, they sound in state common law tort and statutory law.

This reasoning is supported by case law in this District. In A.K. v. N. Burlington Reg'l Sch. Dist., the plaintiff filed suit under the New Jersey Law Against Discrimination ("LAD"), alleging that the defendant's failure to implement the plaintiff's IEP violated that statute. No. 11-4243, 2012 WL 295443, at *1 (D.N.J. Feb. 1, 2012). In opposing the plaintiff's motion to remand the case, the defendant argued that the plaintiff's allegations regarding the failure to implement the IEP "implicate federally created rights that are an essential element to Plaintiff's cause of action." Id. at *3. The court rejected that argument, holding that a "finding as to whether or not Defendant discriminated against Plaintiff in violation of the LAD does not require a determination as to whether Defendant violated the IDEA." Id. at *4. In so holding, the court emphasized the fact that the plaintiff chose to seek relief only under the LAD, as was his right to do. Id.

The reasoning in A.K. applies with equal force to the case at bar. Here, Plaintiff makes reference to N.J.'s IEP not to establish a claim under the IDEA, but rather to provide a factual basis for the alleged personal injuries, civil violations, and discrimination visited upon N.J. by Defendant. The determination of whether N.J. in fact suffered those alleged harms does not require an interpretation of the IDEA or a finding that Defendant violated the IDEA. Therefore, Plaintiff's references to N.J.'s IEP do not give rise to a federal question. See also Reuther v. Shiloh Sch. Dist. No. 85, No. 07-689, 2008 WL 191195 (S.D. Ill. Jan. 18, 2008) (finding that no federal question jurisdiction when plaintiff brought a negligence cause of action based on defendant's failure to implement plaintiff's IEP).[3]

A fair reading of the Complaint demonstrates that plaintiff has pled state law tort claims. Those claims properly belong in state court. Because Plaintiff's Complaint does not raise a substantial federal question on its face, and because the IDEA does not preempt state law in the area of education, this Court lacks jurisdiction over this case. Therefore, the case must be remanded to New Jersey Superior Court, Middlesex County, Law Division.

## III.   Conclusion

For the reasons set forth above, the Court respectfully recommends that Plaintiff's Motion to Remand (Dkt. No. 2) be **granted**. Should the parties choose to object to the findings contained

---

[3] Additionally, although not argued by the Defendant, it is well settled that the IDEA does not preempt state law. See, e.g., Kalbfleisch v. Columbia Cmty. Unit Sch. Dist. Unit No. 4, 644 F. Supp. 2d 1084, 1089-90 (S.D. Ill. 2009) ("The Court concludes that the IDEA does not completely preempt state law so as to permit removal of this case in federal question jurisdiction."); Evergreen Sch. Dist. v. N.F., 393 F. Supp. 2d at 1070, 1075 (W.D. Wash. 2005) ("It cannot be inferred that Congress wished to exclude state regulation, since the IDEA specifically contemplates an elaborate interrelation of state and federal regulation.").

herein, they must do so within fourteen days of the date of this Report and Recommendation. L. Civ. R. 72.1(c).

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

cc: Clerk
 Hon. Kevin McNulty, U.S.D.J.
 File